IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02535-WJM-MEH

LEONCIO MCDARIS BALD EAGLE,

    Plaintiff,

v.

SUSAN JONES,
MELODY BENALDI,
JOHNNY QUINTANNA,
MICHAEL TONY YOUNG,
ROBERT GONZALES,
GRETCHEN,
ALICE LEIHMAN,
OWENS,
CARRIE HERMAN,
CASSIE,
MONICA GONZALES,
ANGIE RAMIREZ,
NIKKI MACANERAS,
JENNIFER VEGIL,
SARA JORDAN,
MARLA RAY,
ANGIE STRICKLAND,
DESREA PADILLA,
JONATHAN JIMMY HAWTHORNE, and
PAUL MALCOLM ZEPHYER,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendants Jones and Jordan's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) or for Summary Judgment [filed March 14, 2011; docket #21]. The motion is referred to this Court for recommendation. (Docket #22.) Plaintiff filed a brief response;

Defendants did not reply. Oral argument would not assist the Court in its adjudication. For the reasons stated below and the entire record herein, the Court **RECOMMENDS** Defendants Jones and Jordan's Motion to Dismiss be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.[1]

## BACKGROUND

Plaintiff initiated this Section 1983 lawsuit *pro se* on October 12, 2010, by submitting a motion for leave to proceed *in forma pauperis*. (Docket #1.) Plaintiff filed a Complaint on October 18, 2010, then paid the filing fee in full on December 17, 2010. (Dockets ##3, 7.) Plaintiff is a state prisoner incarcerated at the Colorado State Penitentiary in Canon City, Colorado. The Complaint is somewhat difficult to understand, as it appears to the Court that Plaintiff simply copied the same handwritten allegations on successive pages. The Court construes from the Complaint that Plaintiff believes his Eighth Amendment rights have been violated by Defendants, in that they sexually and physically assaulted Plaintiff while he was asleep in his cell during the graveyard shift on April 25, 2010. (Docket #3 at 5.) Plaintiff contends prison staff put sleeping medication in his food and injected him with a muscle relaxer before entering his cell to assault him. (*Id.*) Additionally, Plaintiff alleges that a female officer sexually assaulted him then claimed he raped her; Plaintiff

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

asserts that other officers then demanded a payment of money in exchange for not pressing rape charges against him. (*Id.*) Plaintiff explains that he receives SSI disability payments due to his "bi-polar manic depressive" disorder. (*Id.*)

Defendants Jones and Jordan responded to Plaintiff's Complaint with the motion to dismiss and for summary judgment presently before the Court. Defendants Jones and Jordan contend that Plaintiff's Complaint should be dismissed for his failure to exhaust administrative remedies. (Docket #21.) More specifically, Defendants Jones and Jordan argue that Plaintiff filed his Step 1 grievance out of time, and in any event, Plaintiff did not file a Step 3 grievance as required by the prison's administrative remedies procedure.

On March 23, 2011, the Court issued a minute order instructing Plaintiff to file a response to this motion on or before April 13, 2011. (Docket #23.) Plaintiff filed what appeared to be a response on March 30, 2011. (Docket #24.) His response is a copy of the Court's March 23 minute order, with the statement "I make no judgement of this case" handwritten in the caption and signed by Plaintiff. (*See id.*) Plaintiff has submitted no other filings to date.

The Court held a scheduling conference in this matter on April 18, 2011. Plaintiff appeared by telephone. The Court asked Plaintiff if he desired to keep the lawsuit going, to which Plaintiff replied "no." When pressed about his intentions, Plaintiff then stated he wanted to keep the lawsuit going until its completion. In light of the contradictory statements, the Court inquired about what Plaintiff wanted to do with the lawsuit and his response to the motion at hand; Plaintiff replied "no comment."

## **STANDARD OF REVIEW**

**I.     Construction of a *Pro Se* Plaintiff's Complaint**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

**II.    Standard for Summary Judgment**

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together

with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may also simply point out to the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. The non-moving party bears the burden of showing that there are issues of material fact to be determined. *Id*. at 324.

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and ... if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

If "a party fails to properly address another party's assertion of fact as required by Rule 56(c)," Fed. R. Civ. P. 56(e) permits the Court to give such party an opportunity to do so, consider the noncontested facts undisputed, or "grant summary judgment if the motion and supporting materials . . . show the movant is entitled to it." Here, Plaintiff has not properly addressed Defendants Jones and Jordan's assertion of facts as stated in their motion. After review of the

Statement of the Facts presented by Defendants Jones and Jordan, the Court concludes that these facts are properly supported, noncontested, and stand undisputed. The Court incorporates by reference the Statement of Facts in full. (Docket #21 at 3-5.)

Defendants Jones and Jordan assert that Plaintiff failed to properly exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The administrative remedies provision of the PLRA prescribes as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a).

The Supreme Court determined that "exhaustion is mandatory under the PLRA" and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion of administrative remedies need not be pleaded in the complaint but must be raised as an affirmative defense. *Jones*, 549 U.S. at 216. The rules governing the administrative remedy obligation are not articulated by the PLRA, but are defined by the respective prison's grievance process. *Id*. at 218. In order to "properly exhaust" in satisfaction of the PLRA requirement, the plaintiff prisoner must comply with prison grievance procedures. *Id*. Therefore, according to *Jones*, claims that have not been through the prison grievance process may not be brought in court.

Here, the Colorado Department of Corrections' Administrative Regulation 850-04 requires that a Step 1 grievance be filed no later than thirty days "from the date the offender knew, or should have known, of the facts giving rise to the grievance." (Docket #21-2 at 7.) Plaintiff dated his Step 1 grievance form on May 19, 2010; however, Plaintiff's case manager did not receive the grievance until June 25, 2010. (Docket #3 at 3.) As the date of the alleged assault was April 25, 2010, the cut-off for the grievance to be filed, not merely filled out, was May 25, 2010. The grievance was denied as filed out of time. (*Id.*)

6

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "A claim that has been properly rejected by the prison grievance system on procedural grounds should be dismissed from the plaintiff's complaint with prejudice." *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) (failure to timely file grievance is not "a temporary curable, procedural flaw" (citation omitted)), abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Step 1 grievance filled out by Plaintiff was not received by his case manager until June 25, 2010, approximately one month after the deadline. Therefore, the grievance was properly denied as filed out of time, and the claims stated therein should be dismissed with prejudice.

Further, the Court agrees with Defendants Jones and Jordan's alternate proposal, that Plaintiff's claim against them should be dismissed because he did not complete the administrative grievance process. (Docket #21 at 9.) The grievance process administrated by the Colorado Department of Corrections requires the filing of three grievances before exhaustion is achieved. Plaintiff filed a Step 1 grievance as referred to above, in addition to a Step 2 grievance challenging the denial of his Step 1 grievance as untimely. (*Id*. at 4; *see also* docket #21-1 at 3.) However, the grievance officer found no record that Plaintiff filed a Step 3 grievance, nor does Plaintiff indicate otherwise. (*See* docket #21 at 4.) The Court concludes that Plaintiff did not complete the grievance process, and this lawsuit was prematurely filed. Although the submission of a Step 3 grievance could cure this procedural deficiency, the time for filing a Step 3 grievance has expired, thus the Court believes that dismissal with prejudice is appropriate for this reason, in addition to the reason stated above regarding the untimely Step 1 grievance.

Accordingly, the Court recommends Defendants Jones and Jordan's motion for summary judgment be granted.

## **REMAINING DEFENDANTS**

In the Step 1 grievance, Plaintiff lists the following individuals: Robert Gonzales (also an offender), Lt. Gretchen, Sgt. Alice Leighman, Carrie Herman, Cassie, M. Gonzales, Angie Ramirez, Nikki Macaneras, Jennifer Vegil, Sgt. Bivens, Sara Jordan, Maria Ray, Angie Strickland, Desrea Padilla, Johnathan Jimmy Hawthorn, Paul M. Zephyer, and Officer Sanchez.[2] Robert Gonzales (offender), Gretchen, Alice Leihman, Carrie Herman, Cassie, Monica Gonzales, Angie Ramirez, Nikki Macaneras, Jennifer Vegil, Sara Jordan, Marla Ray, Angie Strickland, Desrea Padilla, Johnathan Jimmy Hawthorne, and Paul Malcolm Zephyer are also listed in the Complaint (albeit with slightly different spellings). (*See* docket #3 at 2.) Named Defendants Melody Benaldi, Johnny Quintanna (offender), Micheal Tony Young (offender), Sgt. Owens, and Susan Jones are listed in the Complaint but were not identified in the Step 1 grievance.

The District Court issued an order granting service of Plaintiff's Complaint by the United States Marshal on January 11, 2011. (Docket #9.) A waiver of service for Defendants Jones and Jordan was returned executed on January 13, 2011. (Docket #10.) Service was not waived as to the remaining defendants because the Colorado Department of Corrections could not find individuals with those names employed by the penitentiary or assigned to the graveyard shift. (*See id.*) Service as to the three offenders (Johnny Quintanna, Michael Tony Young, and Robert Gonzales) was returned unexecuted on March 2, 2011, because the Marshal Service could not locate the offenders with the information provided by Plaintiff. (Dockets ##18-20.)

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. (Docket #3 at 25.) "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives

---

[2]Plaintiff's handwriting is very small and the copy of the grievance included with his Complaint is not clear; the Court interprets his writing as best as it can.

another of his federal rights." *Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011). Assuming the three offenders acted under color of state law (which the Court believes is highly unlikely if not practically impossible) and the non-offender Defendants are indeed state employees as alleged, the Court concludes the remaining defendants should be dismissed under the analysis above regarding Plaintiff's failure to timely exhaust administrative remedies, because the claims stated against each Defendant are identical to that described in Plaintiff's Step 1 grievance.[3]

## CONCLUSION

Accordingly, for the reasons stated above and the entire record herein, the Court **RECOMMENDS** Defendants Jones and Jordan's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) or for Summary Judgment [filed March 14, 2011; docket #21] be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** for his failure to timely exhaust administrative remedies.

Respectfully submitted at Denver, Colorado, this 19th day of May, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3] In any event, service has not been completed on the remaining defendants. Pursuant to Rule 4(m), service was to be completed on or before February 15, 2011. Nothing in the record indicates an attempt by Plaintiff to cure the deficiencies identified in the waiver of service returned by the Colorado Department of Corrections or the three summons returned unexecuted. Standing alone, Plaintiff's failure to provide correct information for the completion of service provides grounds for the dismissal of his claims against the unserved defendants without prejudice. Fed. R. Civ. P. 4(m) (2011).